UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 32BJ,

                  Plaintiff,

v.

SUPERIOR MAINTENANCE, INC.

                  Defendant.
------------------------------------------------------------X

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

07 CIV 8339

      Plaintiff, Service Employees International Union, Local 32BJ ("Local 32BJ" or "the Union"), brings this action against Defendant, Superior Maintenance, Inc. ("Superior" or "Employer") to confirm and enforce an arbitration award:

## INTRODUCTION

    1.    This action seeks to confirm and enforce a labor arbitration award issued on March 29, 2007, by Arbitrator Bernard Young in proceedings under the parties' collective bargaining agreement.

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction over this action under §301 of the Labor Management Relations Act, 29 U.S.C. §185, under the Federal Arbitration Act, 9 U.S.C. §9, and 28 U.S.C. §1331.

    3.    Venue is proper in this District in accordance with 9 U.S.C. §9 because the arbitration award was made in this District.

1

## PARTIES

4. Local 32BJ is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. §152(5), representing over 75,000 building service workers in the greater New York metropolitan area. Local 32BJ has its principle offices located at 101 Avenue of the Americas, New York, New York.

5. Superior is a maintenance service provider and an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. §152(2). Superior has its principle office located at 1 West Red Oak Lane, White Plains, New York.

## COUNT I
### Arbitration Award of Bernard Young
### (March 29, 2007)

6. Local 32BJ and Superior are bound to a standard form collective bargaining agreement called the Hudson Valley Contractors Agreement ("HVCA"). The HVCA establishes wages, benefits and other terms and conditions of employment for cleaners and other building service workers employed by signatory employers at buildings located in Westchester, Putnam, Dutchess, Rockland, Orange and Sullivan Counties. The HVCA in effect at the time this cause of action arose had a term of January 1, 2005 through December 31, 2007. A true copy of the HVCA is annexed as Exhibit A.

7. The HVCA covers the work performed by Superior cleaning employees working at a commercial building located at 1 & 4 West Oak Lane, White Plains, New York.

8. Local 32BJ and Superior also executed a Rider to the HVCA specific to the job site located at 1 & 4 West Oak Lane that contains additional terms concerning wages, sick days and employer contributions to a Legal Fund and Training Fund. A true copy of the Rider is annexed as Exhibit B.

2

9. The HVCA provides at Article 4 (pages 4-5) that any dispute arising between the parties under the agreement shall be submitted to a contract arbitrator and the arbitrator's decision or award shall be final and binding upon the parties.

10. The Rider provides that all Part-time employees working at 1 & 4 West Red Oak Lane shall receive $8.75 per hour effective December 1, 2005.

11. The Rider provides that all Part-time employees working at 1 & 4 West Red Oak Lane shall receive $9.75 per hour effective December 1, 2006.

12. The HVCA provides at Article 29.4 (page 21) that employees designated as leadpersons shall receive $0.50 per hour more than the minimum rates for other employees.

13. The HVCA provides at Article 12 (pages 10-11) that employees shall receive a prescribed number of weeks per year of paid vacation leave based on an employee's number of months or years working on the payroll of the Employer.

14. On or about January 19, 2007, Local 32BJ notified Superior of its intent to arbitrate a dispute arising under the HVCA concerning Superior's failure to pay employees the wage rates and paid vacation leave as required by the terms of the HVCA and the Rider.

15. On or about January 31, 2007, the Office of the Contract Arbitrator sent notice to the parties of an arbitration hearing scheduled for February 21, 2007 at 1:15 p.m.

16. On February 16, 2007, Local 32BJ served Superior with a subpoena requesting certain payroll records to be produced at the arbitration hearing scheduled for February 21, 2007.

17. On February 21, 2007, a hearing was held before Arbitrator Bernard Young at the Office of the Contract Arbitrator located at 50 West 23rd Street, Manhattan, New York. Superior failed to appear at the hearing. Because the Arbitrator had evidence that Superior was duly and

repeatedly notified of the hearing date, time and location, the hearing commenced on the Union's case only. The hearing opened and concluded the same day.

18. On March 29, 2007, Arbitrator Young issued an Opinion and Award (the "Award") finding that Superior violated the HVCA and the Rider when it (1) failed to pay employees the wage rates required under the Rider and (2) failed to pay employees the prescribed vacation leave required under the Agreement. A true copy of Arbitrator Young's Award is annexed as Exhibit C.

19. The Award ordered a remedy that Superior must pay the employees the contractual wage rates as required under the HVCA and the Rider. The Award ordered that effective no later than April 5, 2007, Superior must pay the employees the retroactive amounts of unpaid wages and vacation leave owed to each employee from December 1, 2005 through February 28, 2007, in the amounts set forth in an appendix to his Award. Those retroactive amounts are as follows:

| Employee | Wages | Vacation | Total Due |
| --- | --- | --- | --- |
| Adolfo Garcia | $910.00 | $1,050.00 | $1,960.00 |
| Alejandra Garcia | $520.00 | $0.00 | $520.00 |
| Evanelina Garcia | $1,560.00 | $990.00 | $2,550.00 |
| Guadalupe Garcia | $1,560.00 | $330.00 | $1,890.00 |
| Timoteo Gonzales | $1,560.00 | $660.00 | $2,220.00 |
| Nora Merlo | $1,560.00 | $660.00 | $2,220.00 |
| Amanda Morelos | $1,040.00 | $660.00 | $1,700.00 |
| Jakeline Moreno | $1,560.00 | $0.00 | $1,560.00 |
| Pascual Vicuna | $1,560.00 | $990.00 | $2,550.00 |

20. To date, Superior has failed and refused to comply with Arbitrator Young's Award in any respect. Despite repeated notice and demands by Local 32BJ concerning Superior's obligation to comply with Arbitrator Young's Award, Superior continues to pay its employee wages below the wage rates required under the HVCA and Rider.

21. Due to Superior's failure and refusal to comply with the Award, the employees working at 1 & 4 West Red Oak Lane in White Plains and subject to the Award have not received the wage rates required under the Rider and the Award. Therefore, in addition to the amounts set forth in Paragraph 19 (and in the Award's appendix), Superior is obligated under the Award to pay those retroactive wages for the period March 1, 2007 through the date the company increases the employees wage rates in compliance with the Rider and the Award.

22. In rendering his Opinion and Award on March 29, 2007, Arbitrator Young acted within the scope of his authority to decide disputes arising under the parties' collective bargaining agreement.

23. Arbitrator Young's award is procedurally and substantively valid under the standards of federal labor law and under the Federal Arbitration Act, 9 U.S.C. §9.

24. Superior's failure to comply with Arbitrator Young's award is in bad faith, without justification, and for purposes of delay.

25. Superior failed to initiate action to vacate Arbitrator Young's award within 90 days of delivery as prescribed under New York Civil Practice Law and Rules (CPLR) §7511(a), thereby waiving any affirmative defenses to Local 32BJ's instant action to confirm and enforce the award. Local 802, Associated Musicians of Greater New York v. The Parker Meridien Hotel, 145 F.3d 85, 88-89 (2d Cir. 1998).

26. Without this Court's order confirming and enforcing the arbitrator's award, Superior will continue to refuse to comply with the award.

WHEREFORE, Plaintiff requests the following relief:

1. An order of this Court confirming and enforcing Arbitrator Young's March 29, 2007 arbitration Award, including all retroactive wages specified under the Award and all retroactive wages due under the Award for the period of Superior's non-compliance with the Award, from March 1, 2007 through the date of the Court's order;

2. An order of this Court requiring Superior to pay prejudgment interest at an annual rate of 9% on the amounts due under the Award from the date of the Award;

3. An order of this Court requiring Superior to reimburse Local 32BJ for the costs and reasonable attorneys fees incurred in bringing this action; and

4. Such other and further relief as the Court deems just and proper.

Dated: September 24, 2007

Office of the General Counsel,
SEIU, Local 32BJ

By: _____
Lyle D. Rowen (LR 6220)

Associate General Counsel
SEIU, Local 32BJ
101 Ave. of the Americas, 19th floor
New York, New York 10013
Telephone: 212-388-3452
Facsimile: 212-388-2062

Attorneys for Plaintiff