UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SERVICE EMPLOYEES INTERNATIONAL UNION,     Case No.: 07-CV-8339
LOCAL 32BJ,

                                                   **ANSWER TO COMPLAINT**
                              Plaintiff,                  **TO ENFORCE**
                -against-                               **ARBITRATION AWARD**

SUPERIOR MAINTENANCE, INC.,

                             Defendant.

-----------------------------------------------------------------------x

SIRS:

       The Defendant, SUPERIOR MAINTENANCE, INC. (hereinafter referred to as "SUPERIOR"), by its attorneys, TRIVELLA, FORTE & SMITH, LLP., as and for its Answer to the plaintiff's, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ (hereinafter referred to as "SEIU 32BJ"), Complaint dated September 24, 2007, alleges as follows upon information and belief:

       1.        With respect to paragraph "1" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

       2.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint and respectfully refers this Court to the statute for its true content and meaning.

       3.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and respectfully refers this Court to the statute for its true content and meaning.

4. Admits the allegations contained in paragraph "4" of the Complaint that SEIU 32BJ is a labor organization but respectfully refers this Court to the National Labor Relations Act (hereinafter referred to as "NLRA") for its true content and meaning.

5. Admits the allegations contained in paragraph "5" of the Complaint that SUPERIOR is a maintenance service provider and has a location at 1 West Red Oak Lane, White Plains, New York but respectfully refers this Court to the NLRA for its true content and meaning.

6. Admits the allegations contained in paragraph "6" of the Complaint that SUPERIOR is a signatory to a collective bargaining agreement called the Hudson Valley Contractors Agreement (hereinafter referred to as "HVCA") with SEIU 32BJ but respectfully refers this Court to the HVCA for its true content and meaning.

7. Admits the allegations contained in paragraph "7" of the Complaint that SUPERIOR'S employees are union members but respectfully refers this Court to the HVCA for its true content and meaning.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and respectfully refers this Court to the HVCA and Rider for its true content and meaning.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and respectfully refers this Court to the HVCA for its true content and meaning.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and respectfully refers this Court to the HVCA and Rider for its true content and meaning.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and respectfully refers this Court to the HVCA and Rider for its true content and meaning.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint and respectfully refers this Court to the HVCA and Rider for its true content and meaning.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint and respectfully refers this Court to the HVCA and Rider for its true content and meaning.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and respectfully refers this Court to the "Notice of Intent to Arbitrate" for its true content and meaning.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint and respectfully refers this Court to the "Notice of Hearing" for its true content and meaning.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and respectfully refers this Court to the subpoena for its true content and meaning.

17. With respect to paragraph "17" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint and respectfully refers this Court to the

Award for its true content and meaning.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and respectfully refers this Court to the Award for its true content and meaning.

20. With respect to paragraph "20" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

21. With respect to paragraph "21" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and respectfully refers this Court to the HVCA for its true content and meaning.

23. With respect to paragraph "23" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied and the defendant respectfully refers this Court to the statute for its true content and meaning.

24. With respect to paragraph "24" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

25. With respect to paragraph "25" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied and

the defendant respectfully refers this Court to the CPLR for its true content and meaning.

26. With respect to paragraph "26" of the Complaint, the allegations contained therein are plaintiff's characterizations of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to SUPERIOR, they are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. The claims set forth in the Complaint fail to state a cause of action for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. The plaintiff's claims are barred by the doctrine of laches, unclean hands, waiver and equitable estoppel and legal estoppel and preemption.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Any damages the plaintiff suffered were due to the actions and culpable conduct of the plaintiff or its agents and were not causally related to the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. The plaintiff has not obtained jurisdiction over the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. Upon information and belief, the plaintiff is attempting to collect wages for individuals that were not employed by SUPERIOR and were not covered by any collective bargaining agreement and there is no obligation for the defendant to pay these employees.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. To the extent the Complaint demands monies from the defendant where no collective bargaining agreement exists that covers these employees, the Court lacks subject matter jurisdiction over these contributions and the Complaint fails to state a claim upon which

relief may be granted, and the demand for wages violates state law.

**WHEREFORE**, having fully answered all the counts of the Complaint, the defendant, SUPERIOR MAINTENANCE, INC., respectfully demands judgment:

    (a)    Dismissing the Complaint in its entirety; and

    (b)    against the plaintiff for the costs, attorneys' fees and disbursements of this action; and

    (c)    for such other and different relief as the Court may deem just and proper.

Dated: White Plains, New York
November 13, 2007

Yours, etc.,
TRIVELLA, FORTE & SMITH, LLP

By: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
Attorneys for the Defendant
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075
Facsimile: (914) 949-4752

To:    Office of the General Counsel
SEIU, Local 32BJ
LYLE D. ROWEN, ESQ.
Associate General Counsel
SEIU, Local 32BJ
Attorney for the Plaintiff
101 Avenue of the Americas, 19th Floor
New York, New York 10013
Telephone: (212) 388-3452
Facsimile: (212) 388-2062

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

MICHELLE SALERNO, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 15th day of November, I served the within ANSWER TO COMPLAINT TO ENFORCE ARBITRATION AWARD in the action, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ v. SUPERIOR MAINTENANCE, INC. 07-CV-8339 upon:

LYLE D. ROWEN, ESQ.
101 Avenue of the Americas, 19th Floor
New York, New York 10013

by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

MICHELLE SALERNO

Sworn to before me this
15th day of November, 2007.

Notary Public
RAQUEL A. WILLIAMS
Notary Public, State of New York
No. 02WI6072574
Qualified in Westchester County
Commission Expires April 8, 2010

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 15th, 2007, I served the foregoing ANSWER TO COMPLAINT TO ENFORCE ARBITRATION AWARD on Lyle D. Rowen, Esq., Attorney for the Plaintiff, by electronic mail, in the action, <u>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ v. SUPERIOR MAINTENANCE, INC. 07-CV-8339</u>.

TRIVELLA, FORTE & SMITH, LLP

By: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
Attorneys for the Defendant
1311 Mamaroneck Avenue
Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075
Facsimile: (914) 949-4752